SOUTHERN STATES PHOSPHATE & FERTILIZER CO. *v.* COLBERT.

FISH, C. J.  Under the facts of the case, the court did not abuse its discretion in granting a first new trial.

*Judgment affirmed.  All the Justices concur.*

Argued May 4,—Decided October 12, 1909.

Trover.  Before Judge Martin.  Wilcox superior court.  August 24, 1908.

*M. B. Cannon* and *Hal Lawson,* for plaintiff.

*E. H. Williams,* for defendant.

---

ALBANY POWER &c. COMPANY *v.* CITY OF ALBANY.

The contract upon which plaintiff's suit was founded did not authorize the construction placed upon it in the petition; and the allegations upon which a recovery was sought failing to show a right of action against the defendant, there was no error in dismissing the suit upon general demurrer.

Argued May 5,—Decided October 12, 1909.

Complaint.  Before Judge Spence.  Dougherty superior court. October 5, 1908.

The Albany Power and Manufacturing Company, which, for the sake of convenience, will hereinafter be called the power company, instituted suit against the City of Albany, hereinafter called the city, for the recovery of $1,020 and interest, alleged to be due under a contract between the power company, as party of the first part, and the city, as party of the second part.  The contract provided as follows: "I.  That said party of the first part, for and in consideration of the payments hereinafter agreed to be made by said party of the second part, hereby covenants and agrees to furnish to said party of the second part, for the full twenty-four hours of each and **every day** during the life of this contract, three hundred electrical horse-power of a frequency of sixty cycles, at twenty-three hundred volts potential for the lighting circuits and a satisfactory potential for the meters; to furnish such power in addition to said three hundred horse-power, for the full twenty-four hours of each and every day during the life of this contract, as said party of the second part may require for its own purpose, and not subject to be sublet by said party of the second part, at the same rate